I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 10-3-14

DEPUTY CLERK



FILED
CLERK, U.S. DISTRICT COURT
OCT - 3 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMOND D. MOORE,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>RANDY GROUNDS, Warden,<br><br>　　　　Respondent. | Case No. CV 14-7513-SJO (RNB)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

　　　Petitioner is a California prisoner currently incarcerated at a state prison facility in Soledad, California. On September 26, 2014, he filed herein a Petition for Writ of Habeas Corpus.

　　　It appears from the face of the Petition that it is directed to the same judgment of conviction as the prior habeas petition filed by petitioner in this Court on May 14, 2007, in Case No. CV 07-3159-SJO (RNB). On December 18, 2007, Judgment was entered in Case No. CV 07-3159-SJO (RNB) denying the habeas petition and dismissing the action with prejudice. Petitioner did not file a notice of appeal from that Judgment.

　　　The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996. Section 106 of the Act amended 28

U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (1)   *A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.*
>
> (2)   *A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--*
>
> > (A)   *the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or*
> >
> > (B)(i) *the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and*
> >
> > (ii)   *the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.*
>
> (3)   (A)   *Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*

Thus, to the extent that petitioner is alleging any of the same claims as he alleged in Case No. CV 07-3159-SJO (RNB),[1] § 2244(b)(1) requires the dismissal of

---

[1]   This would appear to be the case, at least in part, with respect to (continued...)

those claims. To the extent that petitioner also appears to be alleging new claims, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of the Petition in this Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction to consider the Petition. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

IT THEREFORE IS ORDERED that this action be summarily dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: 10/1/14

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Presented by:

Robert N. Block
United States Magistrate Judge

---

[1] (...continued)
petitioner's sentencing error claim(s).

[2] In view of the dismissal for lack of subject matter jurisdiction, petitioner's request to proceed in forma pauperis and his motion for appointment of counsel are denied as moot.